**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARLENE ROGOFF,<br><br>     Plaintiff<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS,<br><br>     Defendant | Case No.: 2:19-cv-01131-APG-NJK<br><br>**Order Granting in Part Motion for Judgment on the Pleadings**<br><br>[ECF No. 23] |

      Plaintiff Marlene Rogoff sues defendant National Credit Systems, Inc. for alleged violations of the Fair Debt Collection Practices Act (FDCPA) and related state law claims for deceptive business practices, fraud, and negligence. Rogoff alleges that she rented an apartment in Las Vegas until shortly before the lease expired on January 31, 2019. She did not renew the lease because the apartment was uninhabitable due to burglaries, hazardous property conditions, and a broken air conditioner during the summer heat, along with management's failure to promptly address these conditions. ECF No. 1-2 at 5-6. Rogoff contends she put down a $545 security deposit and left the apartment in move-in condition when she left. *Id.* at 6. Despite that, two months later National sent her a demand for $3,854.59 without a breakdown of what that amount covered. *Id.* Rogoff disputed the charges and received a response that the charges were for painting, carpet cleaning, and 60 days of rent plus utilities. *Id.* Rogoff alleges that the painting and cleaning were not needed, that she did not owe rent because she was entitled to vacate the uninhabitable apartment, and that the security deposit should have covered the utilities, so no amounts were due. *Id.*

      Rogoff filed her complaint in Clark County Justice Court, which National removed to this court. ECF No. 1. Rogoff objects to the removal, contending National was in default at the time

it removed the case. ECF No. 11. She also indicates she would request to amend the complaint to remove the FDCPA claim, but her two attempts at amendment were denied because she did not properly file a proposed amended complaint with either of her motions. *Id.* at 2; *see also* ECF Nos. 12, 19, 20, 22.

National moves for judgment on the pleadings, arguing that the complaint does not allege fraud or a deceptive business practice with particularity. National contends the complaint fails to state a claim for negligence because National owes her no duty of care and the economic loss doctrine nevertheless bars her claim. Finally, National argues that Rogoff fails to state a claim under the FDCPA because she does not state what acts violated the Act or what section of the Act was violated.

Rogoff responds that she has alleged that National sent her a fraudulent bill and then reported her to the credit reporting agencies after she disputed the bill despite knowing that the charges were fraudulent. She contends National owed her a duty to correct the mistaken charges. Finally, she contends that National violated the FDCPA by asking her to pay more than she owed and misrepresenting the amount of the debt.

I conclude that removal was proper even though National was in default at the time it removed. I grant National's motion as to Rogoff's fraud and negligence claims because Rogoff has not plausibly alleged fraud and she failed to respond to National's motion regarding the economic loss doctrine barring her negligence claim. But I deny National's motion as to the FDCPA and deceptive practices claims because Rogoff has plausibly alleged National misrepresented the amount she owed.

/ / / /

/ / / /

## I. REMOVAL

Rogoff contends National was not allowed to remove the case because it was in default. ECF No. 11. National did not specifically respond to this argument, although it sets forth the facts supporting removal in its petition for removal.

Rogoff filed her complaint in Justice Court on May 28, 2019. ECF No. 1-2. She served National on June 6, 2019. *Id.* National timely removed less than 30 days later. ECF No. 1; *see also* 28 U.S.C. § 1446(b) (providing that the notice of removal must be filed within 30 days after the defendant is served with the complaint). I have subject matter jurisdiction because Rogoff asserts an FDCPA claim in her complaint. *See* 28 U.S.C. § 1331 (providing for this court's original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). National thus could remove the complaint, including the supplemental state law claims. *See id.* § 1441(a) (allowing for removal from state court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"); *id.* § 1367(a) (granting supplemental jurisdiction over state law claims that "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

Nothing in the removal statutes requires a defendant to not be in default to remove a case, and Rogoff cites no authority for the proposition that a defendant who has not timely filed an answer cannot remove a case to federal court. *See Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 942 (11th Cir. 2017) (holding that a defaulted defendant could remove where no default judgment had been entered in state court because the state court proceeding was still pending at the time of removal). I therefore have subject matter jurisdiction and there is no defect in the removal.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005) (quotation omitted). A Rule 12(c) motion is the functional equivalent of a Rule 12(b)(6) motion. *See Harris v. Orange Cnty.*, 682 F.3d 1126, 1131 (9th Cir. 2012). Consequently, I must determine whether the complaint contains "sufficient factual matter . . . to state a claim of relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Id.* Rogoff must assert sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Additionally, fraud and claims that sound in fraud must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). "Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted). Additionally, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quotation omitted). In sum, the plaintiff "must provide enough detail to give [the defendants] notice of the particular misconduct which is alleged to constitute the fraud charged so that [they] can defend against the charge and not just deny that [they have] done anything wrong." *Id.* at 999 (quotation omitted).

/ / / /

### A. FDCPA

The FDCPA "prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quotation omitted). "The FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." *Id.* (quotation omitted).[1]

Section 1692e(2)(A) of the FDCPA prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." Section 1692e(10) similarly prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer." Whether conduct violates § 1692e "requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Donohue*, 592 F.3d at 1030 (quotation omitted). To be actionable, the false or misleading statement must be material. *Id.* at 1033.

Viewing the facts alleged in the light most favorable to Rogoff, the complaint adequately alleges a false representation of the amount of the debt. Rogoff alleges that she did not owe anything to the apartment complex because the apartment became uninhabitable, she left the apartment in move-in condition that did not require painting or cleaning, and the security deposit covered whatever amounts she might owe. She alleges that without receiving any communication from the apartment complex, she received a letter from National demanding payment of $3,854.59 without explanation of what that number represented. She alleges that she

---

[1] The statute provides an affirmative defense for bona fide unintentional errors. *See Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005-06 (9th Cir. 2008) (citing 15 U.S.C. § 1692k(c)).

called National to dispute that she owed anything, after which she received a breakdown purporting to itemize what she owed.

At this stage of the proceedings, I must accept as true Rogoff's allegation that she did not owe the apartment complex anything. Consequently, she has plausibly alleged that National misrepresented the amount of the debt. The amount of the debt owed is material. And viewing the allegations in the light most favorable to Rogoff, it is plausible that an unsophisticated consumer might be misled into believing she owed that amount after being given a breakdown of what the total amount represented even after she disputed that she owed anything. *See Crafton v. Law Firm of Jonathan B. Levine*, 957 F. Supp. 2d 992, 997 (E.D. Wis. 2013) (holding that "the inaccurate amount of debt could likely shake an unsophisticated consumer's belief in what she did owe" after being presented with an inaccurate ledger purporting to show what was owed). I therefore deny National's motion for judgment on the pleadings as to Rogoff's FDCPA claim.[2]

**B. Deceptive Business Practices**

Under Nevada's Deceptive Trade Practices Act (NDTPA), it is a deceptive trade practice to "[k]nowingly make[] any other false representation in a transaction." Nev. Rev. Stat. § 598.0915(15). Because this claim sounds in fraud, Rogoff must plead it with particularity under Rule 9(b).

Rogoff alleges that National engaged in a deceptive business practice by continuing to falsely represent to her that she owed money even after she told National that she did not owe anything. I must take as true her allegations that she did not owe the amounts claimed and that

---

[2] National also argues that to the extent Rogoff meant to allege a violation of the Fair Credit Reporting Act (FCRA), she has not done so because she does not allege that she submitted a dispute to a credit reporting agency. The complaint references FCRA but does not list it as a cause of action. ECF No. 1-2 at 7. Rogoff does not assert in her opposition that she is asserting a claim under FCRA. The complaint thus does not contain an FCRA claim.

she advised National of that fact but that National nevertheless sent her a breakdown of the amounts it asserted she owed and continued to demand payment. Rogoff has adequately alleged the who (National), what (falsely claiming amounts owed), when (in March and April 2019), and where and how (in letters and the breakdown) of National's alleged misconduct. She also has adequately alleged falsity because she claims she did not owe the amounts National was claiming she owed. Under Rule 9(b) she may allege generally that National knew the amounts it was attempting to charge were not owed. Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). But even if she must plausibly allege National knew the charges were fraudulent, she alleges that she disputed the charges with National. Therefore, there is at least a plausible, reasonable inference that despite being put on notice that the charges were not owed, National still insisted Rogoff pay those amounts or her nonpayment would be reported to the credit reporting agencies.

Rogoff has set forth enough detail to give National notice of the particular conduct that she alleges constitutes the deceptive practice. National has sufficient information to allow it to defend against the charge and not just deny that it has done anything wrong. I therefore deny National's motion for judgment on the pleadings on this claim.

**C. Fraud**

To establish fraud, Rogoff must allege that National made "a false representation of a material fact, which [it] knew to be false; that [National] intended [Rogoff] to rely on the misrepresentation; that [Rogoff] detrimentally relied on the misrepresentation; and that the misrepresentation proximately caused damages." *Chen v. Nev. State Gaming Control Bd.*, 994 P.2d 1151, 1152 (Nev. 2000) (en banc). Rogoff has not plausibly alleged she detrimentally relied on National's representation of the amount owed. To the contrary, she alleges she

7

disputed (and still disputes) that she owed anything.  She does not allege, for example, that in reliance on National's false communications, she paid a debt she did not owe.  Although it appears from the facts thus far alleged that it is unlikely Rogoff will be able to plead a fraud claim for this reason, I will grant her leave to amend to add facts showing she detrimentally relied on National's representations if facts exist to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

### D.  Negligence

Rogoff does not respond to National's argument that her negligence claim is barred by the economic loss doctrine.  I therefore grant this portion of National's motion as unopposed. LR 7-2(d).

## III.  CONCLUSION

I THEREFORE ORDER that defendant National Credit Systems, Inc.'s motion for judgment on the pleadings **(ECF No. 23) is GRANTED in part**.  The motion is granted as to plaintiff Marlene Rogoff's fraud and negligence claims.  The motion is denied in all other respects.

I FURTHER ORDER that by November 30, 2020, plaintiff Marlene Rogoff may file an amended complaint curing the deficiencies identified in this order, if facts exist to do so.  If no amended complaint is filed, the case shall proceed on the FDCPA and NDTPA claims.

DATED this 2nd day of November, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

8